UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Anikka Nicole King,

                Plaintiff,

vs.                        Case No.   3:05-cv-1235-J-33HTS

Eli Lily and Company,

                Defendant.

_____/

## ORDER

This cause comes before the Court pursuant to Defendant's Motion to Dismiss (Doc. # 31), filed on November 1, 2006 and Defendant's Motion for Sanctions (Doc. # 45), filed on February 22, 2007.  Plaintiff filed no response to the Motion to Dismiss. Plaintiff's Response to the Motion for Sanctions (Doc. # 47) was filed on February 27, 2007.

On April 11, 2007, the Court conducted a hearing on both motions.  Upon due and careful consideration of the motions, response, and arguments of counsel, the Court finds that the Motion to Dismiss is due to be GRANTED IN PART, DENIED IN PART.  The Motion for Sanctions is due to be GRANTED.

**A.   Motion to Dismiss**

Defendant seeks dismissal of this action as a sanction for Plaintiff's non-compliance with her obligations under the Federal Rules of Civil Procedure, and for her failure to obey three prior Orders of this Court.  As of the date of the hearing, Plaintiff had

failed to (1) provide complete and verified interrogatory responses; (2) provide initial disclosures; (3) pay Defendant $2,114.00 for attorney fees in connection with preparation of the first motion to compel as mandated by Judge Snyder's September 12, 2006 Order; (4) pay Defendant $1,178.00 for attorney fees in connection with preparation of the second motion to compel as mandated by Judge Snyder's October 12, 2006 Order; or (5) pay Defendant $1,116.00 for attorney fees and costs in connection with the preparation of the third motion to compel as mandated by Judge Snyder's December 5, 2006 Order.

The Court rejects Plaintiff's arguments that her partial compliance with her discovery obligations, which came in the form of an email providing partial, unverified answers to Defendant's interrogatories, is sufficient. The Federal Rules make clear that "an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." See Fed. R. Civ. P. 37(a)(3). According to the Federal Rules, "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1). After failing or refusing to respond to three motions to compel discovery, the Court will not consider Plaintiff's counsel's claimed difficulty in procuring the

requested information as substantial justification for its non-disclosure.[1]  See Fed. R. Civ. P. 37(c)(1).

While the Court finds that the sanction of dismissal is not appropriate at this time, it finds that Plaintiff's non-compliance does warrant sanctions.  The Court finds that the proper sanction is to bar her from using as evidence at trial or in future hearings or motions any witness or information not disclosed unless (1) within **THIRTY DAYS** of the date of this Order, Plaintiff tenders a certified check to Defendant's attorney in the amount of $4,408.00 as payment for Defendant's attorney fees incurred in connection with the preparation of Defendant's three motions to compel; (2) within **THIRTY DAYS** of the date of this Order, Plaintiff makes herself immediately available for another deposition, to be attended in person at a date, time, and location convenient for Defendant, should Defendant wish depose her again; (3) within **THIRTY DAYS** of the date of this Order, Plaintiff tenders complete and verified interrogatory responses; and (4) within **THIRTY DAYS** of the date of this Order, Plaintiff tenders her complete initial disclosures.

**B.   Motion for Sanctions**

---

[1]      Even if these arguments had merit, the proper time to raise them was at the time the first, second, or third motion to compel was filed, or in response to Judge Snyder's Order to Show Cause.

Also before the Court is Defendant's Motion for Sanctions, which seeks sanctions against Plaintiff for her failure to personally appear at the mediation held in this matter. Personal appearance at mediation is mandated by the Local Rules of this Court and sanctions are appropriate when a party fails to attend. See Rule 9.05(c), Local Rules, Middle District of Florida ("Unless otherwise excused by the presiding judge in writing, all parties, corporate representatives, and any other required claims professionals . . . , shall be present at the Mediation Conference with full authority to negotiate a settlement. Failure to comply with the attendance or settlement authority requirements may subject a party to sanctions by the Court."). In light of Plaintiff's failure to personally appear at the mediation, sanctions are in order. Plaintiff is directed to bear the full cost of the mediation, reimbursing Defendant by certified check for Defendant's half of the mediator's fee within thirty days of the date of this Order.

Failure to comply with this Order may result in further sanctions including, inter alia, a Court Order holding Plaintiff, Plaintiff's counsel, or both in contempt of Court.

Accordingly, it is now

**ORDERED, ADJUDGED** and **DECREED:**

1.    Defendant's Motion to Dismiss (Doc. # 31) is **GRANTED** in part and **DENIED** in part;

2.   Plaintiff will be barred from introducing as evidence at trial or in a future hearing or motion information she failed to disclose as part of initial disclosures or complete and verified interrogatory responses unless:

   a.   Within **THIRTY DAYS** of the date of this Order, Plaintiff tenders a certified check to Defendant's attorney in the amount of $4,408.00 as payment for Defendant's attorney fees incurred in connection with the preparation of Defendant's three motions to compel;

   b.   Within **THIRTY DAYS** of the date of this Order, Plaintiff makes herself immediately available for another deposition, to be attended in person, should Defendant wish to take her deposition again.  The date, time, and location of the Deposition will be set at the convenience of Defendant;

   c.   Plaintiff tenders, within **THIRTY DAYS** of the date of this Order, complete and verified interrogatory responses; and

   d.   Plaintiff tenders, within **THIRTY DAYS** of the date of this Order, her complete initial disclosures;

3.   Defendant's Motion for Sanctions (Doc. # 45) is **GRANTED**; and

4.   Plaintiff shall bear the entire cost of the mediation in this matter and provide Defendant with a certified check, within **THIRTY DAYS** of the date of this Order, reimbursing Defendant for its half of the mediator's fee.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 16th day of April, 2007.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record